**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ABC, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No.** |
| | § | |
| **v.** | § | |
| | § | |
| **CRAIG JAMES d/b/a ABC SEAMLESS** | § | 4:04 cv 46 |
| **HOUSE SIDING OF TEXAS and d/b/a** | § | |
| **ABC SEAMLESS OF TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |

## VERIFIED COMPLAINT FOR
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, ABC, Inc. ("ABC"), for its claims against Defendant, Craig James d/b/a ABC Seamless House Siding of Texas, alleges as follows:

### JURISDICTION AND VENUE

1.      ABC files this action against Defendant for trademark infringement and unfair competition. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, et seq., and the common law of the state of Texas. This Court has subject matter jurisdiction over Plaintiff's claims for federal trademark infringement and unfair competition under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and over Plaintiff's common law trademark infringement and unfair competition claims under 28 U.S.C. § 1367.

2.      Defendant regularly conducts business in this judicial district, and has engaged and continues to engage in infringing activity in this judicial district and is subject to personal jurisdiction in this judicial district.

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

## THE PARTIES

4.    ABC is a North Dakota corporation with its principal place of business at 3001 Fiechtner Drive, Fargo, North Dakota 58103.

5.    ABC is a franchisor providing technical assistance in connection with the establishment and operation of siding and gutter distribution and installation businesses.

6.    Defendant, Craig James, is a former franchisee of ABC, and is an individual offering installation services for siding, soffit, fascia, gutters and window trim, under the business names "ABC Seamless House Siding of Texas" and "ABC Seamless of Texas," with an address at 2610 Westwind Drive, Denton, Texas 76210.

## FACTS

7.    ABC is the exclusive owner of the following federally registered trademarks and pending federal trademark applications, copies of which are annexed hereto collectively as Exhibit A:

| U.S. Registration No. (or Serial No.) | Mark | Registration Date (or Filing Date) |
|---|---|---|
| 1,277,378 | ABC SEAMLESS | May 8, 1984 |
| 1,617,977 | (design) | Oct. 16, 1990 |
| 1,649,029 | THE SEAMLESS PEOPLE | June 25, 1991 |
| 2,038,720 | THE ABC WINDOW | Feb. 18, 1997 |
| 2,090,763 | ABC SEAMLESS | Aug. 26, 1997 |
| 2,197,851 | ABC SEAMLESS | Oct. 20, 1998 |
| 2,633,363 | AAMERICAN LEAF PROTECTOR | Oct. 8, 2002 |
| (76/299,136) | AAMERICAN SEAMLESS TRIM | (Aug. 9, 2001) |
| (78/150,953) | AAMERICAN | (Aug. 5, 2002) |

8.    All of ABC's above identified federal registrations (except Reg. No. 2,633,363 – AAMERICAN LEAF PROTECTOR) have achieved incontestable status under 15 U.S.C. § 1165.

9.    ABC has been using the word marks "ABC SEAMLESS" and "THE SEAMLESS PEOPLE" on and in connection with aluminum and steel siding, soffit, fascia and gutters for buildings, and in connection with installation services for such products and related products since at least as early as August 25, 1978.

10.    ABC has been using the "duck" design in combination with the words ABC SEAMLESS on and in connection with installation services for aluminum and steel siding, soffit, fascia and gutters for buildings since at least as early as November 30, 1990.

11.    ABC has common law rights in the mark "ABC" and in the federal registrations and pending registrations (collectively the "ABC Marks") for aluminum and steel siding, soffit, fascia and gutters for buildings and in connection with installation services for such products as a result of ABC's substantially continuous and exclusive use of those marks on or in connection with the foregoing goods and services.

12.    The ABC Marks enjoy considerable name recognition and good will among the consuming public.

13.    Defendant became a franchisee of ABC on or around October 19, 1987. A copy of the Defendant's franchise agreement is attached hereto as Exhibit B (hereinafter the "Franchise Agreement").

14.    In September, 2003, ABC learned that Defendant began using the mark "ABC SEAMLESS" in connection with the advertising, sale and offering for sale of vinyl siding products from Alside, Inc., a competitor of ABC, in violation of the Franchise Agreement.

15.    In October, 2003, ABC learned that Defendant was under reporting and under paying royalties owed ABC in violation of the Franchise Agreement.

16.    By letter dated October 8, 2003 (attached hereto as Exhibit C), pursuant to the Franchise Agreement, ABC gave Defendant written notice that Defendant was in default under the Franchise Agreement for: (a) depicting the ABC Marks in a manner not approved by ABC as required under the Franchise Agreement; (b) failure to promote the ABC Seamless franchise business in a manner set forth by ABC in the Franchise Agreement; and (c) under reporting and under paying royalties owed ABC.

17.    Pursuant to the Franchise Agreement, ABC's October 8, 2003 notice of default letter gave Defendant thirty (30) days to cure the defaults.

18.    Defendant failed to respond to ABC's October 8, 2003 notice of default letter and Defendant failed to cure the defaults within the 30-day cure period.

19.    By letter dated December 16, 2003 (attached hereto as Exhibit D), ABC notified Defendant that Defendant's Franchise Agreement was terminated as a result of his failure to respond and cure the defaults within the 30-day cure period.

20.    Section 12 of the Franchise Agreement (attached hereto as Exhibit B) provides:

> Upon termination of this agreement, franchisee shall forthwith discontinue the use of the name "ABC Seamless", the "Seamless People", and any and all other service marks, and/or trademarks and trade names furnished to franchisee by franchisor . . . . Franchisee shall not operate or do business under any name or in any manner that might tend to give the general public the impression that the franchise herein granted is still in force [in the franchise territory] . . . Upon such termination, franchisee agrees that it will not directly or indirectly engage in the manufacture, distribution or sale of any product or products similar to products sold under this franchise at any location in the [franchise territory] . . . for a period of two (2) years after such termination.

21.    On or around January 12, 2004, ABC learned that Craig James was registered as an exhibitor under the business name "ABC Seamless House Siding of Texas" (the same business name under which Defendant operated his former ABC franchise) at the upcoming 24th Annual Fort Worth Home and Garden Show (February 20-22, 2004) and for the 5th Annual Fort Worth Show (March 12-14, 2004). Other franchisees of ABC will be exhibitors at both of these shows, and will be using ABC's registered trademarks in connection therewith.

22.    By letter dated January 16, 2004 (attached hereto as Exhibit E), Mr. Craig James was notified that he was to immediately cease and desist any and all uses of the ABC Marks and instructed Defendant to either withdraw as an exhibitor from the Fort Worth shows or to re-register for those shows under a different name.

23.    On January 19, 2004, ABC also learned that the Defendant was exhibiting under the business name "ABC Seamless House Siding of Texas" (the same business name under which Defendant operated his former ABC franchise) or "ABC Seamless of Texas" at the Southwestern Exposition and Livestock Show and Rodeo (running from January 17, 2004 through February 8, 2004), at the Will Rogers Center in Fort Worth, Texas (hereinafter the "Fort Worth Stock Show"). Evidence of Mr. James' exhibit booth at the Fort Worth Stock Show is attached hereto as Exhibit F.

24.    In a second letter from ABC dated January 19, 2004 (attached hereto as Exhibit G), ABC's original demands of January 16, 2004 were reaffirmed and ABC further demanded that the Defendant was to immediately remove any sign, poster, flyer, brochure, or any other advertisement or promotional item which bears the mark "ABC SEAMLESS" or any other mark substantially similar thereto from the Fort Worth Stock Show by January 22, 2004.

25.    Defendant has failed to respond to ABC's letters of January 16 and January 19, 2004.

26.    At the time of filing of this Complaint, Defendant continues to use ABC Marks without authorization at the Fort Worth Stock Show as evidenced by the attached photographs of Exhibit F.

27.    On information and belief, in addition to the unauthorized use of the ABC Marks at the Fort Worth Stock Show, Defendant uses and will continue to use the ABC Marks without authorization in the sale, offering for sale, and advertising of Defendant's installation services for siding, gutters, soffit, fascia and window trim.

<div align="center">

**COUNT I**
**(Federal Trademark Infringement)**
**(Violation of 15 U.S.C. § 1114)**

</div>

28.    ABC restates and realleges each of the allegations contained in paragraphs 1 through 27 above.

29.    Defendant's unauthorized use of the ABC Marks is likely to cause confusion, or to cause mistake or to deceive.

30.    Defendant's actions constitute willful violation of the Lanham Act § 32 (15 U.S.C. § 1114).

31.    Defendant's actions have caused, and will continue to cause, irreparable harm to ABC and ABC's franchisees unless enjoined.

32.    Defendant's actions entitle ABC to monetary relief under 15 U.S.C. §1117.

## COUNT II
### (Federal Unfair Competition)
### (Violation of 15 U.S.C. § 1125(a))

33.     ABC restates and realleges each of the allegations contained in paragraphs 1 through 32 above.

34.     ABC owns common law rights in the ABC Marks.

35.     Defendant's unauthorized use of the ABC Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with ABC, or as to the origin, sponsorship, or approval of Defendants' goods and commercial activities by ABC.

36.     Defendant's actions constitute willful violation of 15 U.S.C. § 1125(a).

37.     Defendant's actions have caused, and will continue to cause, irreparable harm to ABC and ABC's franchisees unless enjoined.

38.     Defendant's actions entitle ABC to monetary relief under 15 U.S.C. § 1117.

### REQUEST FOR RELIEF

WHEREFORE, ABC requests that the Court enter judgment:

(a)     In favor of ABC and against Defendant on all of ABC's claims;

(b)     Preliminarily and permanently enjoining and restraining Defendant, his agents, representatives, servants, employees, attorneys, and all persons acting for, with, by, through or under him, from using the ABC Marks or any other marks, alone or in combination, in any manner whatsoever, where such use is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's goods, services or commercial activities by Plaintiff;

(c)    Requiring Defendants to deliver up for destruction all products, packaging, marketing materials, or other materials in the possession or control of Defendants that bear names or marks that infringe ABC's Marks;

(d)    Requiring Defendant to take such action as necessary to ensure that any telephone number for ABC Seamless House Siding of Texas that may be identified in any telephone directory be rerouted or otherwise connected to such telephone number as may be directed by ABC;

(e)    Awarding ABC (1) Defendants' profits, (2) ABC's actual damages, and (3) the costs of the action, pursuant to 15 U.S.C. § 1117(a);

(f)    Increasing the amount of damages and/or profits awarded ABC as appropriate pursuant to 15 U.S.C. § 1117(a);

(g)    Awarding ABC reasonable attorneys' fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a), and other applicable law; and

(h)    Awarding ABC such other relief as the Court may deem just and proper.

Dated: February 9, 2004.                    Respectfully Submitted,

Steven E. Ross, Attorney-in-Charge
Texas Bar No. 17305500
Phone: 214-999-4430
Facsimile: 214-999-3430
E-mail: sross@gardere.com
Susan M. Halpern
Texas Bar No. 08805400
Phone: 214-999-4779
Facsimile: 214-999-3779
Email: shalpern@gardere.com
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201

Peter K. Munson
Texas Bar No. 14673000
MUNSON, MUNSON, CARDWELL & KEESE, P.C.
Email:  pkmunson@munsonlaw.com
123 South Travis
Sherman, Texas  75090-5928
Phone:  903-893-8161
Facsimile:  903-893-1345

### ATTORNEYS FOR PLAINTIFF ABC, INC.

Of Counsel:

Thomas J. Oppold
E-mail: toppold@larkinhoffman.com
Jon S. Swierzewski
E-mail: jswierzewski@larkinhoffman.com
LARKIN HOFFMAN DALY & LINDGREN LTD.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota  55431-1194
Phone: 952-835-3800
Facsimile: 952-896-3333

# VERIFICATION

STATE OF NORTH DAKOTA          §
                                               §    ss:
COUNTY OF _____*CASS*_____      §

     I, Leroy N. Wegner, being duly sworn, depose and state that I am the Secretary and Treasurer of ABC, Inc., the plaintiff in the above-captioned action, that I am authorized by ABC, Inc. to verify this complaint, that I have read the foregoing complaint, that I know the contents, and that the contents are true of my own knowledge, except as to the matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: *2/5/2004*

                               *Leroy N Wegner*
                               Leroy N. Wegner
                               Secretary & Treasurer, ABC, Inc.

Subscribed and sworn to me this ___*5th*___ day of ___*February*___, 2004.

                                 *Deborah A. Hendrick*
                               Notary Public

> DEBORAH A. HENDRICKSON
> Notary Public, STATE OF NORTH DAKOTA
> My Commission Expires _ _ _ 15, 2004

DALLAS 1369135v1

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

Reg. No. 1,277,378
Registered May 8, 1984

## SERVICE MARK
### Principal Register



ABC, Inc. (North Dakota corporation)
2004 First Ave. S.
Fargo, N. Dak. 58102, assignee of
Gerald W. Beyers (United States citizen)
Fargo, N. Dak.

For: INSTALLATION OF ALUMINUM AND
STEEL SIDING AND GUTTERS ON BUILD-
INGS, in CLASS 37 (U.S. Cl. 103).
First use Aug. 25, 1978; in commerce Aug. 25,
1978.

Ser. No. 184,488, filed Sep. 5, 1978.

M. E. BODSON, Examining Attorney

**EXHIBIT**

A

DOCKET CARD ✓
DOCKET PAGE ✓
REFERENCES

ABC2 M4053



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trade␣␣k Office
ASSISTANT SECRETA␣␣␣␣ND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

file

REGISTRATION NO.   1277378        SERIAL NO. 73/184488        PAPER NO.
                                                MAILING DATE: 10/02/89

MARK: ABC SEAMLESS (AND DESIGN)

REGISTRANT: ABC, Inc.

CORRESPONDENCE ADDRESS:
    HUBBARD, THURMAN, TURNER & TUCKER
    2100 LONE GALLERIA TOWER
    DALLAS, TX  75240

Please furnish the following
in all correspondence:

1.  Your phone number and zip code.
2.  Mailing date of this action.
3.  Affidavit-Renewal Examiner's name.
4.  The address of all correspondence
    not containing fees should include
    the words "Box 5".
5.  Registration No.

RECEIPT IS ACKNOWLEDGED OF THE SUBMITTED REQUEST UNDER:

SECTION 8 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.161-2.166.

SECTION 15 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.167-2.168.

YOUR REQUEST FULFILLS THE STATUTORY REQUIREMENTS AND HAS BEEN ACCEPTED.

PATRICIA ANN EVERETT
AFFIDAVIT-RENEWAL EXAMINER
TRADEMARK EXAMINING OPERATION
(703) 557-1988

# RECEIVED

OCT 0 9 1989

Hubbard, Thurman, Turner
and Tucker

Int. Cl.: 37

Prior U.S. Cl.: 103

## United States Patent and Trademark Office

Reg. No. 1,617,977
Registered Oct. 16, 1990

## SERVICE MARK
### PRINCIPAL REGISTER



ABC, INC. (NORTH DAKOTA CORPORATION)
3001 FIECHTNER DRIVE S.W.
FARGO, ND 58103

    FOR: INSTALLATION OF ALUMINUM AND
STEEL SIDING, SOFFIT, FASCIA AND SEAM-
LESS GUTTERS ON BUILDINGS, IN CLASS 37
(U.S. CL. 103).

FIRST USE 7–15–1989; IN COMMERCE
7–25–1989.

SER. NO. 74–025,113, FILED 2–2–1990.

EDWARD NELSON, EXAMINING ATTORNEY



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trade    k Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

REGISTRATION NO.    1617977        SERIAL NO. 74/025113         PAPER NO.
                                                                MAILING DATE: 09/03/96

MARK: (MISCELLANEOUS DESIGN)

REGISTRANT: Abc, Inc.

CORRESPONDENCE ADDRESS:
  Harry J. Watson
  Larkin, Hoffman, Daly & Lindgren, Ltd.
  1500 Norwest Financial Center
  7900 Xerxes Avenue South
  Bloomington, MN 55431-1194

Please furnish the following
in all correspondence:

1.   Your phone number and zip code.
2.   Mailing date of this action.
3.   Affidavit-Renewal Examiner's name.
4.   The address of all correspondence
     not containing fees should include
     the words "Box 5".
5.   Registration No.

RECEIPT IS ACKNOWLEDGED OF THE SUBMITTED REQUEST UNDER:

SECTION 8 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.161-2.166.

SECTION 15 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.167-2.168.

YOUR REQUEST FULFILLS THE STATUTORY REQUIREMENTS AND HAS BEEN ACCEPTED.

*Constance M Moore*

CONSTANCE M MOORE
AFFIDAVIT-RENEWAL EXAMINER
TRADEMARK EXAMINING OPERATION
(703) 308-9500

*ext.*

*called 9-6-96 -left message re name change
of atty to JHQ, & to send us a corrected
Notice*

Int. Cl.: 37

Prior U.S. Cl.: 103

Reg. No. 1,649,029

## United States Patent and Trademark Office
Registered June 25, 1991

### SERVICE MARK
### PRINCIPAL REGISTER

## THE SEAMLESS PEOPLE

ABC INC. (NORTH DAKOTA CORPORATION)
3001 FIECHTNER DRIVE S.W.
FARGO, ND 58103

FOR: INSTALLATION OF ALUMINUM AND STEEL SIDING, SOFFIT, FASCIA AND SEAMLESS GUTTERS ON BUILDINGS, IN CLASS 37 (U.S. CL. 103).

FIRST USE 8–25–1978; IN COMMERCE 8–25–1978.

SER. NO. 74–025,101, FILED 2–2–1990.

EDWARD NELSON, EXAMINING ATTORNEY



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trade   k Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

*21057-06*

REGISTRATION NO.   1649029       SERIAL NO. 74/025101        PAPER NO.
                                                             MAILING DATE: 10/07/96
MARK: THE SEAMLESS PEOPLE

REGISTRANT: abc Inc.

CORRESPONDENCE ADDRESS:
  James P. Quinn
  LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
  1500 NORWEST FINANCIAL CENTER
  7900 XERXES AVENUE SOUTH
  BLOMMINGTON, MN 55431-1194

Please furnish the following
in all correspondence:

1.  Your phone number and zip code.
2.  Mailing date of this action.
3.  Affidavit-Renewal Examiner's name.
4.  The address of all correspondence
    not containing fees should include
    the words "Box 5".
5.  Registration No.

RECEIPT IS ACKNOWLEDGED OF THE SUBMITTED REQUEST UNDER:

SECTION 8 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.161-2.166.

SECTION 15 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.167-2.168.

YOUR REQUEST FULFILLS THE STATUTORY REQUIREMENTS AND HAS BEEN ACCEPTED.

VALERETA STEVENS
AFFIDAVIT-RENEWAL EXAMINER
TRADEMARK EXAMINING OPERATION
(703) 308-9500  EXT. 109

Int. Cl.: 19

Prior U.S. Cls.: 1, 12, 33 and 50

**United States Patent and Trademark Office**

Reg. No. 2,038,720

Registered Feb. 18, 1997

### TRADEMARK
### PRINCIPAL REGISTER



ABC, INC. (NORTH DAKOTA CORPORATION)
3001 FIECHTNER DRIVE
FARGO, ND 58103

FOR: GLASS WINDOWS, IN CLASS 19 (U.S. CLS. 1, 12, 33 AND 50).

FIRST USE 3-21-1995; IN COMMERCE 3-21-1995.

OWNER OF U.S. REG. NOS. 1,277,378 AND 1,617,977.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WINDOW", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDING "THE ABC WINDOW" AND THE STYLIZED DEPICTION OF A DUCK WEARING A TRENCH COAT AND FEDORA.

SER. NO. 75-063,817, FILED 2-26-1996.

BARBARA GAYNOR, EXAMINING ATTORNEY



21057-06

**UNITED STATES DEP    TMENT OF COMMERCE**
**Patent and Trademark Office**
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia   22202-3513

REGISTRATION NO: 2038720      SERIAL NO: 75/063817      MAILING DATE: 08/16/2002
REGISTRATION DATE: 02/18/1997
MARK: THE ABC WINDOW AND DESIGN
REGISTRATION OWNER: ABC, Inc.
CORRESPONDENCE ADDRESS:

JAMES P. QUINN
LARKIN HOFFMAN DALY & LINDGREN, LTD.
1500 WELLS FARGO PLAZA
7900 XERXES AVE SOUTH
BLOOMINGTON, MN  55431

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS
THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*************************************************

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE
REQUIREMENTS OF SECTION 15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.

*************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
019.

GRAY, TERRITA E
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

    PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
    CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION


ORIGINAL


TMLT4 (9/99)

Int. Cls.: 6 and 35

Prior U.S. Cls.: 2, 12, 13, 14, 23, 25, 50, 100, 101
and 102

Reg. No. 2,090,763

## United States Patent and Trademark Office

Registered Aug. 26, 1997

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

## ABC SEAMLESS

ABC, INC. (NORTH DAKOTA CORPORATION)
3001 FIECHTNER DRIVE
FARGO, ND 58103

FOR: ALUMINUM AND STEEL SIDING, SOFFIT, FASCIA AND SEAMLESS GUTTERS FOR BUILDINGS, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 8-25-1978; IN COMMERCE 8-25-1978.

FOR: FRANCHISING SERVICES, NAMELY, PROVIDING TECHNICAL ASSISTANCE IN CONNECTION WITH THE ESTABLISHMENT AND OPERATION OF SIDING AND GUTTER DISTRIBUTORSHIP AND INSTALLATION

BUSINESSES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-25-1978; IN COMMERCE 8-25-1978.

OWNER OF U.S. REG. NOS. 1,277,378 AND 1,649,029.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SEAMLESS", APART FROM THE MARK AS SHOWN.

SER. NO. 75-087,771, FILED 4-15-1996.

BARBARA GAYNOR, EXAMINING ATTORNEY

21057 - 06



**UNITED STATES DEI    TMENT OF COMMERCE**
**Patent and Trademark Office**
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia   22202-3513

REGISTRATION NO: 2090763      SERIAL NO: 75/087771      MAILING DATE: 11/01/2002
REGISTRATION DATE: 08/26/1997
MARK: ABC SEAMLESS
REGISTRATION OWNER: ABC, Inc.
CORRESPONDENCE ADDRESS:

JAMES P. QUINN
LARKIN HOFFMAN DALY & LINDGREN, LTD.
1500 WELLS FARGO PLAZA
7900 XERXES AVENUE SOUTH
BLOOMINGTON, MN  55431

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS
THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE
REQUIREMENTS OF SECTION 15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
006   035.

SMITH, WYE J
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

TMLT4 (9/99)

**Int. Cl.: 37**

**Prior U.S. Cls.: 100, 103 and 106**

**United States Patent and Trademark Office**

**Reg. No. 2,197,851**

Registered Oct. 20, 1998

## SERVICE MARK
### PRINCIPAL REGISTER



ABC, INC. (NORTH DAKOTA CORPORATION)
3001 FIECHTNER DRIVE
FARGO, ND 58103

FOR: INSTALLATION OF ALUMINUM AND STEEL SIDING, SOFFIT, FASCIA AND SEAMLESS GUTTERS ON BUILDINGS, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 11–30–1990; IN COMMERCE 11–30–1990.

OWNER OF U.S. REG. NOS. 1,277,378, 2,090,763 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SEAMLESS", APART FROM THE MARK AS SHOWN.

SER. NO. 75–335,899, FILED 8–4–1997.

ALICE BENMAMAN, EXAMINING ATTORNEY

**Quinn, Cathryn J.**

| | |
|---|---|
| From: | PrinTEAS@uspto.gov |
| Sent: | Monday, January 26, 2004 1:15 PM |
| To: | Quinn, Cathryn J. |
| Cc: | teas@uspto.gov |
| Subject: | Received Your Trademark Combined Declaration of Use and Incontestability Under Sections 8 & 15 for registration number 2197851 |

<MARK> ABC SEAMLESS (stylized or with design)

We have received your Combined Declaration of Use and Incontestability Under Sections 8 and 15 for registration number '2197851'. A summary of your submission is listed below. If you determine that you made an error in the information you entered, DO NOT request via e-mail that we correct your filing.  The TEAS staff cannot make any changes.  You may file an amendment IMMEDIATELY (if still within the statutory period), via a hard paper copy, not electronically, listing your mark and registration number, and stating your proposed correction, to the following address:

        Commissioner for Trademarks
        2900 Crystal Drive
        Arlington, VA   22202-3514

To avoid lateness due to mail delay, it is recommended that you include the following CERTIFICATE OF MAILING language as part of your submission:

I certify that the foregoing is being deposited with the United States Postal Service as first class mail, postage prepaid, in an envelope addressed to the Commissioner for Trademarks, 2900 Crystal Drive, Arlington, VA 22202-3514, on:

Date of Deposit _____
Signature _____
Name _____


REGISTRATION NUMBER: 2197851

REGISTRATION DATE: 10/20/1998

* Registrant Information

The owner, ABC, Inc., residing at 3001 Fiechtner Drive  Fargo ND  US 58103, is used the mark for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c).

* Classification and Listing of Goods/Services:

For International Class 037, the owner is using or is using through a related company or licensee the mark in commerce on or in connection with all goods and/or services listed in the existing registration.

The owner is submitting one specimen for each class showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) Scanned brochure.

*Correspondence Information

The registrant hereby appoints James P. Quinn of Larkin Hoffman Daly & Lindgren Ltd., 1500 Wells Fargo Plaza 7900 Xerxes Avenue South, Bloomington, MN USA 55431 to submit this application on behalf of the registrant.  The attorney docket/reference number is 21057-06.

1

* Fees

A fee payment in the amount of $300 will be submitted with the form, representing payment
for 1 class(es), plus any additional grace period fee, if necessary.

* Declaration Signature

Signature:/jpq54/ Date: 01/26/2004
Signatory's Name: James P. Quinn
Signatory's Position: Attorney

==============================================================


==================TEAS XML SUBMISSION=======================
<?xml version = '1.0' encoding = 'ISO-8859-1'?> <uspto-tm-document document-type="s815"
description="Sections 8 and 15" system-creator="eteas" version="2.1" version-date="2003-
02-27" copyright="Copyright 1999-2003 United States Patent and Trademark Office">
<trademark-case-files> <trademark-case-file> <case-file-header> <registration-number>
2197851</registration-number>
<serial-number>75335899</serial-number>
<mark action-code="read" version="original">
<design-mark>
<file-name image-type="gif">http://tess2.uspto.gov/webaka/images/75335899.gif</file-name>
<mark-text>ABC SEAMLESS</mark-text>
</design-mark>
</mark>
<registration-date>19981020</registration-date>
</case-file-header>
<section-8-15-form>
<goods-services>
<goods-service action-code="create" version="new"> <class-code>037</class-code> <keep-
description-text-flag>YES</keep-description-text-flag>
<specimen action-code="create" version="new">
<file-name image-type="jpg">12242445-26140946166-abcseamless.jpg</file-name>
<description-text>Scanned brochure</description-text> </specimen> </goods-service>
</goods-services> <case-file-owners> <case-file-owner action-code="read"
version="original"> <owner-role-code>30</owner-role-code>
<owner-role-sequence-number>0</owner-role-sequence-number>
<entry-sequence-number>1</entry-sequence-number>
<name>ABC, Inc.</name>
<street>3001 Fiechtner Drive </street>
<city>Fargo</city>
<state>ND </state>
<postal-code>58103</postal-code> <country-name>US</country-name> </case-file-owner>
</case-file-owners> <signatures> <signature action-code="create" version="new">
<signature-type>D</signature-type>
<signature-entry-number>1</signature-entry-number>
<signature-name>/jpq54/</signature-name>
<signature-date>20040126</signature-date>
<signatory-name>James P. Quinn</signatory-name> <signatory-position>Attorney</signatory-
position>
</signature>
</signatures>
<fee-types>
<fee-type action-code="create" version="new"> <fee-code>7205|7208</fee-code> <number-of-
classes>1</number-of-classes>
<number-of-classes-paid>1</number-of-classes-paid>
<subtotal-amount>300</subtotal-amount>
</fee-type>
<total-amount>300</total-amount>
</fee-types>
<payment>
<ram-sale-number>1377</ram-sale-number>
<ram-accounting-date>20040126</ram-accounting-date>
</payment>

2

```
</section-8-15-form>
<correspondence-form>
<source-form>s815</source-form>
<correspondences>
<correspondence action-code="create" version="new"> <type-code>a</type-code> <new-address>
<name>James P. Quinn</name> <firm-name>Larkin Hoffman Daly &#38; Lindgren Ltd.</firm-name>
<street>1500 Wells Fargo Plaza 7900 Xerxes Avenue South</street> <city>Bloomington</city>
<state>MN</state> <postal-code>55431</postal-code> <country-name>USA</country-name>
<phone>952-896-3309</phone> <fax>952-896-1537</fax> <email authorized="y">
jquinn@larkinhoffman.com</email>
<attorney-docket-number>21057-06</attorney-docket-number>
</new-address>
</correspondence>
</correspondences>
</correspondence-form>
</trademark-case-file>
</trademark-case-files>
<filing> <filing-identifier>20040126141503995044-2197851</filing-identifier>
<xml-create-date>20040126 14:10:16</xml-create-date> <submit-date>Mon Jan 26 14:15:03 EST
2004</submit-date> <teas-stamp>USPTO/S08N15-12242445-20040126141503995044-2197851-
200df594e88d4d76e5d3974739af5094CC1377-20040126141016921228</teas-stamp>
<filing-description>Combined Declaration of Use and Incontestability Under Sections 8 &#
38; 15</filing-description> <reply-email>cquinn@larkinhoffman.com</reply-email>
</filing>
</uspto-tm-document>
```

TEAS support team
Mon Jan 26 14:15:03 EST 2004

STAMP: USPTO/S08N15-12242445-20040126141503995044-2197851-
200df594e88d4d76e5d3974739af5094CC1377-20040126141016921228

3

Int. Cl.: 6

Prior U.S. Cls.: 2, 12, 13, 14, 23, 25, and 50

## United States Patent and Trademark Office

Reg. No. 2,633,363
Registered Oct. 8, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## AAMERICAN LEAF PROTECTOR

ABC, INC. (NORTH DAKOTA CORPORATION)
3001 FIECHTNER DRIVE
FARGO, MN 58103

FOR: METAL INSERTS FOR RAIN GUTTERS TO PREVENT THE ACCUMULATION OF DEBRIS IN RAIN GUTTERS, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 6-0-2001; IN COMMERCE 6-0-2001.

SN 78-057,005, FILED 4-5-2001.

LYNN A. LUTHEY, EXAMINING ATTORNEY

TESS - Document Display

Page 1 of 2



UNITED STATES PATENT AND TRADEMARK OFFICE

| Home | Index | Search | System Alerts | eBusiness Center | News & Notices | Contact Us |

## Trademark Electronic Search System(Tess)

*TESS was last updated on Wed Jan 28 04:22:52 EST 2004*



Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [        ]   OR   Jump | to record: [        ]    **Record 5 out of 8**

Check Status *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | AAMERICAN SEAMLESS TRIM |
| **Goods and Services** | IC 006. US 002 012 013 014 023 025 050. G & S: Steel interior trim for commercial and residential buildings |
| | IC 037. US 100 103 106. G & S: Installation services for steel trim for commercial and residential buildings |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76299136 |
| **Filing Date** | August 9, 2001 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | May 28, 2002 |
| **Owner** | (APPLICANT) ABC, Inc. CORPORATION NORTH DAKOTA 3001 Fiechtner Drive Fargo NEBRASKA 58103 |
| **Attorney of Record** | James P. Quinn |
| **Prior Registrations** | 2090763 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SEAMLESS TRIM" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS - Document Display                                                                      Page 1 of 2



**Trademark Electronic Search System(Tess)**

*TESS was last updated on Wed Jan 28 04:22:52 EST 2004*

PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | | CURR LIST | NEXT LIST
PREV DOC | | NEXT DOC | LAST DOC

Logout Please logout when you are done to release system resources allocated for you.

Start | List At: [        ]  OR  Jump to record: [        ]    **Record 1 out of 8**

Check Status *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **AAMERICAN** |
| **Goods and Services** | IC 006. US 002 012 013 014 023 025 050. G & S: Steel and aluminum siding, roofing, rain gutters, metal inserts for rain gutters to prevent the accumulation of debris in rain gutters, metal trim for buildings, soffit and fascia |
| | IC 035. US 100 101 102. G & S: Dissemination of advertisements of products and installation services for others |
| | IC 019. US 001 012 033 050. G & S: Siding, roofing, decking, interior and exterior trim, soffit and fascia made out of wood, glass windows |
| | IC 037. US 100 103 106. G & S: Installation services for steel and aluminum siding, roofing, rain gutters, leaf protectors, interior and exterior trim, soffit and fascia for commercial and residential buildings; installation services for wood siding, roofing, decking, interior and exterior trim, soffit and fascia for commercial and residential buildings; installation services for glass windows for commercial and residential buildings |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 010103 010110 261705 261725 |
| **Serial Number** | 78150953 |
| **Filing Date** | August 5, 2002 |
| **Current Filing** | |

http://tess2.uspto.gov/bin/showfield?f=doc&state=p0m76g.2.1                              1/28/04

TESS - Document Display                                                        Page 2 of 2

| | |
|---|---|
| **Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 22, 2003 |
| **Owner** | (APPLICANT) ABC, Inc. CORPORATION NORTH DAKOTA 3001 Fiechtner Drive Fargo NORTH DAKOTA 58103 |
| **Attorney of Record** | James P. Quinn |
| **Prior Registrations** | 2633363 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |



**HOME | INDEX | SEARCH | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES | CONTACT US | PRIVACY STATEMENT**

01/27/04  13:27 FAX 1 701 293 3107      ABC INC.                              ☑002

AB  SEAMLESS FRANCHISE AGREEMEN.

THIS AGREEMENT, made and entered into this 19th day of  October  , 198 7 , by and between ABC, INC., a North Dakota Corporation, authorized and licensed to do business in  Texas  through GERALD W. BEYERS, its President, the corporation hereinafter referred to as "Franchisor," having its principal place of business at 2004 First. Avenue South, Fargo, North Dakota 58103, and Robert "Bob" Strong  of ABC Seamless House Siding of Texas, P.O. Box 11, Keller, Texas 76248  hereinafter referred to as "Franchisee"; and

WHEREAS, franchisor has for some time been in and is now engaged in the business of regional manufacture, distribution and sale of seamless siding and gutters; and

WHEREAS, franchisor is willing to grant to qualified persons or corporations franchises to use the name of "ABC Seamless" in the operation of a franchise area. for the manufacture, distribution and retail sale of seamless siding, windows, soffit, fascia, gutters, and other home improvement products endorsed by ABC Seamless; and

WHEREAS franchisor is the owner of all proprietary and other property rights and interests in and to various service marks, trademarks and trade names, a distinctive manufacturing system, specially designed signs and advertising, and schedules of business policies and practices; and

1



EXHIBIT
B

WHEREAS, this Franchise Agreement between the parties is subject to the approval of the same by the Securities Commissioner or other licensing authority for the state or states covered by the franchise area;

NOW, THEREFORE, IT IS AGREED, in consideration of the mutual covenants contained herein, that the franchisor and franchisee shall deal with each other as follows:

1.    Grant of Franchise. Franchisor hereby grants to franchisee and franchisee hereby accepts upon the terms and conditions set forth in this agreement, a qualified exclusive franchise to establish and operate an "ABC Seamless" operation and use the "ABC Seamless" name and system in its operation thereof together with all applicable trade names and trademarks in Area 6, one franchise in the County of Tarrant Texas

said area being outlined on an attachment to this agreement marked Exhibit "A" and to engage in said sales area in the manufacture, distribution and sale at retail of ABC Seamless siding and gutters.

Franchisor agrees that it will not, during the term of this agreement, grant franchises for the manufacture, distribution and sale of the same products as are described herein within the area for which the franchisee is granted a franchise, except as are outlined for that same franchise area and noted on Exhibit "A".

2.    Franchise Fee and Other Payments. In consideration of the issuance of the franchise, the franchisee shall pay to the franchisor the following:

2

01/27/04  13:27 FAX 1 701 293 3107      ABC INC.                                  004

A.   A franchise fee of $6,000.00 payable in cash.

B.   An additional royalty fee equal to 5% of the first $10,000 of the franchise monthly gross receipts; 4% of the second $10,000 of monthly gross receipts; 3% of the third $10,000 of monthly gross receipts, and; 2% of any gross monthly receipts over the third $10,000.  . To Be Bimonthly Reporting

See as per example:
1st $10,000 gross receipts . . . . . . . . . . 5%    $500.00
2nd $10,000 gross receipts . . . . . . . . . . 4%    $400.00
3rd $10,000 gross receipts . . . . . . . . . . 3%    $300.00
Any amount over the 3rd $10,000 gross receipts  2%   $200.00+

These percentages will apply only to siding, soffit, fascia, gutters, and window trim.

C.   This amount is payable monthly by the tenth day of each month based on the preceding month's gross receipts.  In the event the franchisee is more than twenty days late in paying such royalty, interest rates will be charged according to allowable state and federal laws and will be payable on the unpaid royalty from the date the payment was due.

D.   With respect to the royalty, franchisor requires the franchisee to submit a monthly report signed by the franchisee certifying the gross receipts and other information required by franchisor.  The franchisee shall prepare for franchisor a monthly profit and loss statement and balance sheet.  The report must be in a form prescribed by the franchisor.

E.   The terms "gross receipts" shall exclude sales

3

01/27/04  13:28 FAX 1 701 293 3107       ABC INC.                              ⍺005

or  other taxes which may be required by law to be collected from
customers.

   F. Franchisee shall keep books of account in
accordance  with  good accounting practices which accurately show
the  gross  receipts  of the Franchise and shall, at its expense,
deliver  to  franchisor, within ninety days after the end of each
fiscal  year,  reports  of gross receipts from the year's
operations  and  amounts  expended  on advertising certified by a
public  accountant  selected  by  franchisee  and  acceptable  to
franchisor.  Franchisee  will  permit  authorized  personnel  of
franchisor  to  inspect  and  examine its books and records at any
reasonable  time.  In addition, franchisee shall permit certified
public  accountants  designated  by franchisor to audit its books
of  account at any reasonable time.  If such audit discloses that
the  reported gross receipts of franchisee have been understated,
franchisee  shall  immediately  pay  to  franchisor  the  amount
overdue,  unreported  or  understated,  together with interest at
the  maximum  legal  rate.  In addition, if such audit discloses
that  the  reported  gross  sales  of  franchisee  have  been
understated  to  the  extent  of  two  percent  (2%)  or  more,
franchisee  shall reimburse franchisor for all expenses connected
with  the  audit.  The foregoing remedies shall be in addition to
any other remedies franchisor may have.

   3. <u>Terms of Franchise.</u> The  franchise shall last
indefinitely,  or  until  such  time as the option to purchase is
completed  under  section 10 herein, or until termination prompted
by  a  violation  of  the  terms of this Franchise Agreement by a

party hereto.

        4.    Qualified Franchise Area.  Franchisee is given qualified, exclusive use to the franchise area described above. Franchisee is required to operate its system and an office and storage facility in its franchise area during the term hereof, and is forbidden from operating any office and/or storage facility in another franchise area, except where the franchisee purchases franchises for more than one (1) area. Provisions of this paragraph shall in no way prohibit the franchisor from operating in a franchise area which is not otherwise granted to a franchisee or in which additional unsold franchises exist.

        5.  Duties of Franchisor.

        A.    Franchisor shall counsel and advise franchisee with respect to the development of the franchise operation. Such services shall not consist of continuous supervision but shall consist of consultation with respect to the appropriate implementation of the business and such other matters as shall promote the efficient operation of the system.

        B.    Franchisor shall at all reasonable times upon request advise and consult with franchisee in connection with the operation of the ABC Seamless system and shall keep franchisee advised of new developments and improvements in the system.  So long as franchisee shall not be in breach of his obligations, franchisor shall make available to franchisee all services, facilities, rights, and privileges which franchisor makes available to its franchises generally from time to time.

5

Franchisor shall provide the raw materials used in the system, as provided above, to franchisee generally upon the same terms and conditions as it offers to other franchises similarly situated. Franchisor shall assist franchisee with respect to the advertising and promotion of the franchisee's system.

C.    If the franchisee so desires, training may be provided by franchisor for franchisee and his employees. Such special training may be charged to the franchisee at the rate of $200.00 (Two hundred dollars) per day, plus expenses. Training shall be at such designated site as franchisor may select. Travel, lodging, and meals for franchisee and his employees shall be the responsibility of the franchisee. No more than seven students may be enrolled in any special training program. No training course shall exceed 10 (ten) training days.

6.    Duties of the Franchisee.

A.    Franchisee shall abide by franchisor's standards of quality for all siding, windows, gutters, soffit, fascia, and other home improvements products manufactured, distributed, and sold by said franchisee and shall in all ways strive to maintain the uniform standards of excellence determined and set forth by franchisor from time to time.

B.    Franchisee shall purchase or lease all equipment required by franchisor to operate the ABC Seamless system, and said equipment shall be of standards and specifications designated and approved by the franchisor.

C.    Franchisee shall purchase and utilize such signs depicting the name identification and/or business of the

6

franchisee as shall be designated and approved by franchisor from time to time. The franchisee shall at all times use its best efforts to promote and advertise its system under such standards and guidelines put forth by franchisor. Franchisee shall use the name "ABC Seamless" and "The Seamless People" in conjunction with all advertising, merchandising, and sales during the term of this agreement, in such manner as shall be required and approved by franchisor from time to time.

D.      Franchisee shall use its best and continuing efforts to maintain the uniform high standards of quality and service required by franchisee throughout the term of this agreement.

E.      Franchisee may purchase raw materials for the siding, windows, gutters, soffit, fascia and other home improvement products from franchisor under those terms contained herein or else through manufacturers designated by franchisor, except as franchisor may specifically agree to the contrary in writing.

F.      Franchisee shall be responsible for all loss or damage originating in or sustained in connection with the operation of its ABC Seamless system and for all claims resulting thereof, and franchisee agrees to indemnify and hold harmless franchisor from any such claims, loss, or damage. Franchisee shall at all times maintain an insurance policy. Such insurance as may be reasonably required by franchisor including; but not limited to, comprehensive motor vehicle and general liability insurance (with products liability and completed

7

operations coverage) having limits for personal injury of not less than five hundred thousand and no/100ths dollars ($500,000.00) per person and one million and no/100ths dollars ($1,000,000.00) per occurrence and property damage limits of not less than one hundred thousand and no/100ths ($100,000.00) per occurrence. Franchisee shall furnish franchisor with copies of all such insurance policies prior to the beginning of the operation of its system.

G.  Franchisee shall comply with all federal, state, county, city, and local statutes and ordinances and with all regulations of any government body which might directly or indirectly affect the operation of its system. Franchisee will pay all taxes which may be assessed by any taxing authority in the operation of the system or against the equipment or inventory used in connection with the system.

H.  Franchisee shall manufacture, distribute and sell products under this agreement only according to the provisions contained in this Franchise Agreement.

7.  Competitive Business.  During the term of this agreement, franchisee shall not, without franchisor's written consent, engage at the locations described above, establish, own, operate, or be employed by directly or indirectly, any business which is or might be construed to be in competition with this or any other ABC Seamless System. Franchisee shall not employ or seek to employ any person who is employed by franchisor or any of its other franchisees.

8.  Advertising.  The franchisee shall pay the

8

franchisor an advertising fee equal to 2% of gross receipts. The fee shall be due monthly together with the royalty fee and is based on the receipts of each calendar month. Local and regional advertising utilizing newspapers, direct mailings, television, radio, billboards and other recognized mass media advertising which bears or uses the ABC Seamless service mark and is approved by franchisor will be credited against the advertising fee upon proper proof submitted by franchisee that the advertising has been done and paid for by franchisee. No credit will be given on advertising exceeding 1 1/2% of the annual gross receipts.

9.    Location.  It is understood that franchisee shall maintain suitable premises in its franchise area which shall be exclusively devoted to conducting the business of the franchisee described herein or approved by franchisor.

10.   Option by Franchisor to Purchase Franchisee.  In the event franchisee defaults on the conditions of this agreement or discontinues its business, franchisee shall give to the franchisor sixty (60) days written notice of its intention, accompanied by an offer to sell to franchisor, franchisee's siding machine and attachments thereto. If upon such offer the parties are unable to agree as to a purchase price, the fair value of the siding machine and attachments shall be determined by three (3) arbitrators, each party selecting one arbitrator and the two arbitrators so chosen selecting the third arbitrator.  The decision of a majority of the arbitrators so chosen shall be conclusive. Franchisor shall have the right at

9

any  time  within  .iirty (30) days of being advised in writing of
the  decision  of  the  arbitrators  as  aforesaid,  to  purchase  the
said  siding  machine  and  attachments at the valuation fixed by
said arbitrators.

      11.    Default by Franchisee.  If franchisee defaults or
fails  to  comply  with  any  terms,  covenants,  warranties,  or
conditions  contained  herein,  franchisor  may  elect  to  give
franchisee  thirty  (30)  days written notice of the existence of
such  default.    If franchisee has not cured such default within
thirty  (30)  days after receipt of said notice, or if franchisor
chooses  not  to  give  said  notice,  franchisor  may,  without
prejudice  to  any  and  all remedies it may have, terminate this
agreement  and  the  franchise  herein granted by sending written
notice  of  its  intention  to terminate to franchisee. Neither
party  shall  be  considered  in  default  hereunder  if  it  is
prevented  from performing any of its obligations hereunder for a
reason  beyond its control, including without limitation the acts
of  God,  the  elements,  strikes,  lockouts, civil disorders, or
regulation  of federal, state, or local governments or any agency
thereof.    In  the  event  franchisee  shall  be  adjudicated  a
bankrupt  or become insolvent or if a receiver, whether permanent
or  temporary,  of the franchisee's property or any part thereof,
shall  be  appointed  by  a  court of competent authority, or if
franchisee  shall  make payment of any indebtedness to franchisor
within  the  period  of  credit  extended,  or if any involuntary
judgment  or  lien against franchisee or any of its property used
in  the  system  remains  unsatisfied  for a period of sixty (60)

days  or  longer,  franchisor  may,  without  prejudice  to  any  and  all

of  its  remedies  which  it  may  otherwise  have,  forthwith  terminate

this   agreement   and   franchise  by  written  notice  of  intention  to

do so to franchisee.

        12.    Termination.    Upon  the  termination  of  this

agreement,  franchisee  shall  forthwith  discontinue  the  use  of  the

name  "ABC  Seamless",  "The  Seamless  People",  and  any  and  all

service  marks,  and/or  trademarks  and  trade  names  furnished  to

franchisee    by    franchisor.    Franchisee  shall  immediately

discontinue    the    use    of    any  and  all  goods  bearing  such

·identification  or  any  reference  thereto  and  shall  return  and

deliver  to  franchisor  all  printed  materials  pertaining  to  or

referring  to  an  ABC  Seamless  system.    Franchisee  shall  not

operate  or  do  business  under  any  name  or  in  any  manner  that

might  tend  to  give  the  general  public  the  impression  that  the

franchise  herein  granted  is  still  in  force  at  the  location

described  above.    Upon  such  termination,  franchisee  agrees  that

it  will  not  directly  or  indirectly  engage  in  the  manufacture,

distribution,  or  sale  of  any  product  or  products  similar  to

products sold under this franchise at any location in Area 6_____

_one franchise in Tarrant County of Texas_____

_____

and    within    one  hundred  (100)  miles  distance  outside  the

boundaries  of  the  State  of  _Texas_____  for  a  period  of

two    (2)  years  after  such  termination.    In  the  event  of

termination    of    this  agreement  under  sections  11  and  12,

franchisor  shall  have  the  same  right  to  purchase  from  franchisee

and  under  the  same  procedure,  the  ABC  Seamless  siding  machine

and attachments thereto.

                  11

13.   Tr. e Secrets.    Franchisee acknowledges that
subject only to the franchise herein granted, the materials,
systems, and information now and hereafter furnished and/or
revealed to franchisee under and pursuant to the terms of this
agreement by franchisor, constitute trade secrets owned by
franchisor revealed in confidence hereunder, and that no right
is hereby given or acquired to used or duplicate the system or
any of the materials of information provided or furnished to
franchisee other than at the location of the franchise area
covered by this agreement. Franchisee covenants and agrees to
keep and respect the confidence herein reposed.

14.   Assignment.    Franchisee shall not sell, assign,
transfer, convey, or encumber this agreement, or any right or
interest hereunder, or the business operated at the location of
the sales center, if any, without first obtaining the prior
written consent of franchisor, which consent will not be
unreasonably withheld; provided, however, that in the event of
the death of franchisee, or if franchisee is a corporation, in
the event of the death of a stockholder thereof, the rights and
obligations of the deceased franchisee or stockholder shall
inure to the benefit of such legal heir(s) of the said deceased
franchisee or stockholder as shall be capable of performing the
duties and obligations required under this agreement.

15.   Not Partners.    Franchisor and franchisee are not
and shall not be considered to be joint venturers, partners, or
agents of each other and neither shall have the power to bind or
obligate the other to third parties. Franchisee shall not use

12

either of the na...'s "AB Seamless" or "The Seamless People", or deceptively similar names, as part of the name of any corporation formed to carry on the business of its system.

16.    Notices.  Any notice required or permitted to be given hereunder shall be given in writing and may be given by personal service or certified mail addressed:

A.    To franchisee at: P.O. Box 11

Keller, Texas  76248

B.    To franchisor at: 2004 First Avenue South

Fargo, North Dakota 58103

or such other address as may be given by either party to the other by written notice as herein provided.

17.    Non-Waiver.  The waiver by either party of any default by the other in the performance of any of the terms, covenants and conditions of this agreement shall not constitute a waiver of the right of the non-defaulting party to insist upon the full performance of all the terms, covenants, and conditions hereof, and a waiver by either party of a breach or a series of breaches of this agreement by the other party shall not constitute a waiver of any subsequent breach(s) of similar or dissimilar nature.

18.    Construction of Agreement.  Where applicable, or where required by the context, all references herein in the singular shall be construed to include the plural and references to the masculine shall be construed to include the feminine and neuter gender.  The section captions are inserted for convenience only and are in no way to be construed as part of

13

01/27/04  13:32 FAX 1 701 293 3107      ABC INC.                                  Ø015

this agreement or as a limitation on the scope of a particular section. If franchisee is a corporation, the covenants and agreements made by it hereunder shall be binding upon its shareholders, officers, and key employees to the same extent as if they were signatory hereto. All provisions of this agreement shall be construed under the laws of the State of Texas        .

19.  Invalid Sections of Agreement. If any portion or section of this agreement shall for any reason be declared invalid or unenforceable, the validity of the remaining portions and sections shall remain in full force and effect as if this agreement had been executed with such invalid portion or section eliminated and it is hereby declared the intention of the parties hereto that they would have executed the remaining portions or section of this agreement without including therein any such parts thereof which might be declared invalid.

20.  Entire Agreement. This agreement supersedes any and all other agreements, oral or written, between the parties hereto with respect to the subject matter hereof and contains all of the covenants and agreements between the parties with respect thereto.

21.  Binding Effect of Agreement. This agreement shall bind and inure to the benefit of the parties hereto, their representatives, successors, and assigns.

14

01/27/04  13:32 FAX 1 701 293 3107        ABC INC.                                    ☑016

IN  WITNESS WHEREOF, the parties have caused this agreement to be executed as of the day and year first above written.

FRANCHISOR ABC, INC.

BY: _____

Gerald W. Beyers

FRANCHISEE

By _____

Craig Jacob

BY: _____

Robert "Bob" Strong,
ABC Seamless House Siding of Texas

## CORPORATE GUARANTY

We,  the  undersigned,  being  all  of the directors and stockholders  of  ABC,  Inc.,  hereby  personally  guarantee  the covenants  and promises contained in this Franchise Agreement and hereby pledge the faithful performance of the same.

_____
Gerald W. Beyers, President

_____
Charles H. Funfar, Vice-President

_____
Don A. Barnum, Secretary-Treasurer

15

01/27/04  13:33 FAX 1 701 293 3107        ABC INC.                              ☑017



# *ABC Seamless Inc.*

THE SEAMLESS PEOPLE
2004 - 1ST AVE. S. - FARGO, NORTH DAKOTA 58103 - (701) 293-5952

This agreement is made on the ___15___ day of ___March___ 19_88_
By the first part being ABC, Inc.
        dba:   ABC Seamless, Inc.
                2004 1st Avenue South
                Fargo, ND 58103

and _ABC Seamless House Siding of Texas._      Referred to as
    _Craig James._                      Franchisee
    _Box 01 11384 -_
    _Grapevine, Texas, 76051 -_

Being the second part that he she or they is or are an  ABC
Seamless Franchisee operating an ABC Seamless siding business
which is independently owned and operated from ABC Seamless, Inc
of Fargo being the Franchisee and that in consideration for the
Lifetime Warranty on the ABC-ARROWHEAD PVC finished products
that during the first ten years of the warranty Arrowhead will
cover the labor and materials in the event there is a product
failure covered under the terms of the warranty, Arrowhead will
cover the 1st ten years at 100% after the tenth year ABC
Seamless, Inc. would cover the materials portion the same as
under the old warranty and the franchise would agree to cover
the labor portion the same as under the old warranty.

Signed and dated by both parties.
This ___15___ day of ___March___ 19_88_.

_ABC Seamless_, Inc.               Franchisee

_____        Co.name_____
Gerald Beyers, President        _ABC Seamless House Siding of Texas_

_Charles H. Funfar_____
Charles H. Funfar, V. Pres.      _____

_____
Donald Barnum, Sec./Treas.      _____



*"The Siding Without the QUACKS!"*

www.abcseamless.com

October 8, 2003

VIA FEDERAL EXPRESS OVERNIGHT,
U.S. FIRST-CLASS & CERTIFIED MAIL

Craig James
ABC Seamless House Siding of Texas
2610 Westwind Drive
Denton, TX 76210

RE:    Notice of Default & Termination

Dear Craig:

You are in default under your Franchise Agreement dated October 19, 1987 with ABC, Inc. in the following areas:

1.    Depicting the ABC Seamless tradename in a manner not approved by the Franchisor as required under Section 6 of the Franchise Agreement.

2.    Failure to promote the ABC Seamless franchise business in a manner set forth by the Franchisor as required under Section 6 of the Franchise Agreement.

3.    Royalties reported do not meet realistic conversion ratio to products purchased from approved supplier and therefore you are in default for under reporting your royalties and under paying your royalties.

Craig, you have been promoting ABC Seamless Siding in conjunction with Alside Products. As you know, we are not a vinyl siding franchise and never have been. Not only are you misleading your customers, you are using our tradename to promote competitive products.

We have spoken to you in the past regarding your disregard for our office in trying to contact you. Your customers and prospective customers in your area have called us because you would not return calls to them. If your customers or we cannot communicate with you it makes it very hard to run the franchise business as agreed upon.



**EXHIBIT**

_C_

ABC, Inc. • 3001 FIECHTNER DRIVE • FARGO, ND 58103 • 701-293-5952 (VOICE) • 701-293-3107 (FAX)
800-732-6577 (TOLL-FREE) • theduck@abcseamless.com (EMAIL) • www.abcseamless.com (WEB)

Page Two
Craig James
October 8, 2003

We cannot let you continue to ignore your obligations under the franchise agreement.
You have 30 days from your receipt of this letter to cure the deficiencies listed. If you
fail to cure the deficiencies, your franchise will terminate without further notice.

This is written without prejudice to any other rights or remedies the company may have.

If you wish to discuss this matter further, please contact me at 1-800-732-6577 as soon as
possible. Craig, I would welcome the opportunity to discuss the above deficiencies with
you.

Sincerely,

Gerald W. Beyers
President

GWB:dh





*"The Siding Without the QUACKS!"*

December 16, 2003

VIA CERTIFIED MAIL, FEDERAL
EXPRESS PRIORITY
OVERNIGHT & 1ST CLASS MAIL

Craig James
2610 Westwind Drive
Denton, TX 76210

RE:    Termination

Dear Craig:

This is in reference to our letter to you dated October 8, 2003.

You have failed to respond to our office regarding the defaults under your franchise agreement that we listed in that letter. We can only assume that you chose not to correct the defaults and therefore you were not interested in maintaining your ABC Seamless franchisee status.

I have enclosed our standard form termination agreement. Please sign the agreement and return it to our office in the envelope provided. Upon receipt, we will immediately sign and return a copy to you for your records.

Craig, you must immediately return the Franchise Guide Book to our office via Federal Express. You may use our account number 1035-3535-2 and the charges will be billed to us. You must also immediately discontinue any use of our federally registered trade names and trademarks in any of your business dealings. All decals must be removed and literature destroyed or returned to our office. Failure to do so may cause legal proceedings against you.

If you have any further questions, please call.

Sincerely,

Gerald W. Beyers
President

GWB:dh
Enc. (2)

**EXHIBIT**

D

## FRANCHISE TERMINATION AGREEMENT

THIS AGREEMENT is made this _____ day of _____, 2003, by and between Craig James d/b/a ABC Seamless House Siding of Texas, and ABC, INC., a North Dakota corporation (the Franchisor).

WHEREAS, the Franchisee and the Franchisor are parties to the Franchise Agreement dated October 19, 1987, for the operation by the Franchisee of an ABC Seamless franchise in Tarrant County, Texas, and the Lifetime Product Warranty dated March 15, 1988 (collectively the "Agreements) and

WHEREAS, the Franchisee and the Franchisor desire to terminate the Agreements subject to the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the mutual promises of the parties and the mutual benefits to be gained by the performance hereof, the parties hereto agree as follows:

1. Termination of Agreements - The Franchisee and the Franchisor agree that the Agreements shall be terminated, effective upon execution of this Agreement, and all of Franchisees right, title and interest in such Agreements shall terminate. Notwithstanding the foregoing, the Franchisee shall continue to remain liable for certain post term obligations as set forth herein, and the Lease (as defined below) shall remain in full force and effect.

2. Franchisee Obligations -

(a) Upon execution of this Agreement, to the extent it has not already done so, the Franchisee shall return to the Franchisor all written materials and manuals prepared by the Franchisor which are in the Franchisee's possession, or in the possession of an agent of the Franchisee.

(b) Upon execution of the Agreement, the Franchisee shall promptly (i) deliver to the Franchisor, or (ii) destroy, or (iii) sell to another ABC franchisee, all unused reports, stationery, brochures, advertising materials, and the like that make use of the names and marks of the Franchisor, or other commercial symbols adopted by the Franchisor.

(c) Upon execution of this Agreement, the Franchisee shall discontinue all use of the Franchisors name and marks including without limitation the marks "ABC" and "Seamless", and shall change the name that it operates under so that it no longer includes "ABC" or "Seamless."

3. Release. In consideration for the execution of this Agreement by the Franchisor, the Franchisee hereby remises, releases and forever discharges ABC, and its current and former officers, directors, employees, shareholders, affiliates and agents, and their respective successors,

assigns, heirs, and personal representatives from all debts, covenants, liabilities, actions, and causes of action of every kind and nature, including those arising out of or existing under the Agreements, the offer and sale thereof, and out of the franchise relationship among the parties hereto, except those specifically enumerated in this Franchise Termination Agreement.

4.  Continuing Obligations - Following the execution of this Agreement, the Franchisee shall remain liable to the Franchisor for the performance of the provisions of the Agreements which by their terms survive termination, including without limitation restrictions on the disclosure and use of confidential and other proprietary information. Upon execution of this Agreement, the Franchisee remains obligated under the same terms and conditions of the Lease with ABC, Inc., d/b/a ABC Leasing Co. dated June 8, 1999 until it is paid in full.

5.  Good Faith/Confidentiality - Each of the parties to this Agreement has negotiated this settlement in good faith, with benefit of counsel. The Franchisee shall represent, upon inquiry by any third party, that the termination of the business relationship between the parties was amicably resolved through this Agreement. The Franchisee shall maintain the terms of this Agreement in Confidence.

6.  Miscellaneous -

(a)  Benefits - This Agreement shall be binding upon and shall inure to the benefit of all parties hereto, their heirs, executors, administrators, successors, and assigns and the parties hereby agree for themselves and their heirs, executors, administrators, successors, and assigns to execute any instruments and to perform any acts which may be necessary or proper to carry out the purpose of this Agreement.

(b)  Entire Agreement - This Agreement sets forth the entire understanding between the parties. There are no terms, conditions, warranties, or representations other than those contained herein. No change or modification hereto shall be valid unless made in writing and signed by the parties hereto.

(c)  Governing Law - This Agreement shall be governed by the laws of the State of North Dakota.

(d)  Representations and Warranties - Each party represents, warrants, and agrees that such party has not made any assignment, and will not make any assignment, of any claim, causes of action, right of action, or any other right of any kind whatsoever relating to the Agreements, or any other prior dealings between the parties, and that no other person or entity of any kind has or had any interest in any of the demands, obligations, actions, causes of actions, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses or claims relating to the Agreements.

(e)  Attorneys' Fees - Should any party institute any action or proceeding to enforce this agreement or any provision hereof, or for damages by reason of any alleged breach of this Agreement or of any provision hereof, or for declaration of rights hereunder, the prevailing party to any such action or proceeding shall be entitled to receive from the

other party all costs and expenses, including reasonable attorneys fees, incurred by the prevailing party in connection with such action or proceeding.

**FRANCHISEE: CRAIG JAMES**
**& ABC SEAMLESS HOUSE SIDING**
**OF TEXAS**

**FRANCHISOR:     ABC, INC.**

By:_____
   Craig James

By:_____
   Gerald W. Beyers, President

By:_____
   Charles H. Funfar, Vice Pres.

By:_____
   Leroy N. Wegner, Sec./Treas.

# Larkin Hoffman
ATTORNEYS

Larkin Hoffman Daly & Lindgren Ltd.

1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194

GENERAL: 952-835-3800
FAX:      952-896-3333
WEB:      www.larkinhoffman.com

January 16, 2004

Craig James                                    VIA FEDERAL EXPRESS
2610 Westwind Drive
Denton, TX 76210

Re:    Breach of Franchise Agreement / Trademark infringement / Unfair Competition

Mr. James:

We represent ABC, Inc. By letter dated December 16, 2003 you were placed on notice that your franchise with ABC, Inc. had been terminated for the reasons specified in a letter dated October 8, 2003. The December 16, 2003 termination letter explicitly instructed you to immediately discontinue any use of ABC, Inc.'s federally registered trademarks, service marks and trade names in any of your business dealings. That letter also informed you that your failure to comply with these demands may result in the initiation of legal action against you.

You have deliberately failed to comply with ABC, Inc.'s reasonable requests and instead you continue to knowingly and willfully infringing ABC, Inc.'s trademarks and other intellectual property rights. Your activities constitute egregious violations of federal and state statutes and the common law.    This is your last and final notice.

ABC, Inc. hereby demands that you immediately return the Franchise Guide Book to ABC, Inc. Additionally, ABC, Inc. hereby demands that you immediately cease and desist any and all use of the following federally registered trademarks and its common law marks (collectively the "ABC Marks") and any other marks confusingly similar thereto:

| ABC SEAMLESS | – Reg. Nos. 2,197,851 and 2,090,763 |
| THE ABC WINDOW | -- Reg. No. 2,038,720 |
| THE SEAMLESS PEOPLE | -- Reg. No. 1,649,029 |
| AAMERICAN LEAF PROTECTOR | -- Reg. No. 2,633,363 |
| (design) | -- Reg. No. 1,617,977 |
| AAMERICAN | -- Serial No. 78/150,953 |
| AAMERICAN SEAMLESS TRIM | -- Serial No. 76/299,136 |
| ABC | -- common law |

It has also been brought to our attention that you have registered as an exhibitor under the name "ABC Seamless House Siding" at the 24th Annual Fort Worth Home and Garden Show (Feb. 20-22, 2004) and for the 5th Annual Fort Worth Show (March 12-14, 2004). ABC, Inc. hereby demands that you either withdraw as an exhibitor from the above-identified shows or that you re-register for those shows under a different trade name.



**EXHIBIT**

E

Craig James
Page 2

Within ten (10) days from the date of this letter, you must provide a response certifying that you have taken the actions specified above. Failure to comply with the above-identified demands will result in the immediate initiation of legal action against you, not only for breach of the Franchise Agreement, but also for your egregious acts of unfair competition, misappropriation of ABC, Inc.'s trade secrets, willful infringement of ABC, Inc.'s trademarks and other intellectual property rights, and your unlawful conversion of ABC, Inc.'s property. The objective of any such legal action will be to obtain temporary and permanent injunctive relief, together with the recovery of all your profits resulting from your infringing activities, treble the amount of actual damages sustained by ABC, Inc. as a result of your willful infringement, the recovery of ABC, Inc.'s attorneys fees, costs and any and any and all other available remedies.

This letter is without prejudice to any other rights or remedies ABC may have at law or in equity.

Respectfully,

Thomas J. Oppold, for
Larkin Hoffman Daly & Lindgren Ltd.

Direct Dial:     952-896-3397
Direct Fax:      952-842-1716
Email:           toppold@larkinhoffman.com


Cc: ABC, Inc.
    Andrew F. Pe

913950.1

*copy went to Deb Hendridgor* (handwritten)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ABC, INC., | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. |
| | § | |
| v. | § | |
| | § | |
| CRAIG JAMES d/b/a ABC SEAMLESS | § | _____ |
| HOUSE SIDING OF TEXAS, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## DECLARATION OF INGRID RICKETSON

I, Ingrid Ricketson, hereby declare the following:

1.      My name is Ingrid Ricketson. I am of sound mind, over the age of 21 years, have never been convicted of a felony or other crime involving moral turpitude, and I am capable of making this declaration. I am a legal assistant with the law firm of Gardere Wynne Sewell LLP ("Gardere"), which represents Plaintiff, ABC, Inc. ("ABC") in the instant litigation. Unless otherwise stated, I have personal knowledge of the matters set forth herein and the same are true and correct. I could testify competently thereto if called upon to do so.

2.      On Monday, February 2, 2004, I attended the Southwestern Exposition Livestock Show and Rodeo at the Will Rogers Center in Fort Worth, Texas (hereinafter the "Fort Worth Stock Show").

3.      One of the exhibitors at the Fort Worth Stock Show was ABC Seamless of Texas ("ABC Seamless"), which was advertising services that include the installation of siding, gutters and windows. Attached to this declaration as Exhibit 1 is a photograph I took that accurately depicts a sign that was on display at the ABC Seamless booth.



4.    The man I spoke with at the ABC Seamless booth gave me a business card, a true and correct copy of which is attached to this declaration as Exhibit 2.

5.    The man I spoke with at the ABC Seamless booth also gave me an advertising brochure.  A true and correct copy of the advertising brochure that the man gave me is attached hereto as Exhibit 3.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 6th day of February, 2004, in Dallas, Texas.

*Ingrid Ricketson*

Ingrid Ricketson

DALLAS 1369920v1







EXHIBIT
2

*Splices With ABC Seamless* ➤

# *You'll find…*

## *There*
## *IS*
## *No Comparison!*

### 800-866-6068



s can
the splices

would
JR home?

eowners already know. ABC Seamless
nd beauty. It's a statement of your pride

ikes your home virtually maintenance-free.
te other siding look shabby. With ABC
ving you time and money year after year.
manship! Exclusive ABC Seamless Siding,
d by warranties you can trust. Compare!
C Seamless is an original, the leader
te.

EXHIBIT
**3**

*ABC SEAMLESS*

◄ *Either Direction — No Ugly Splices With ABC Seamless* ►



Discover for yourself what thousands of homeowners already know. ABC Seamless Siding is an investment in unmistakable quality and beauty. It's a statement of your pride and our commitment to you.

ABC Seamless eliminates ugly splices and makes your home virtually maintenance-free. Splices collect dirt and moisture that quickly make other siding look shabby. With ABC Seamless, your home will look freshly painted, saving you time and money year after year.

The newest technology with old world craftsmanship! Exclusive ABC Seamless Siding, seamless gutter systems and accessories are backed by warranties you can trust. Compare! You'll find the others don't quite measure up. ABC Seamless is an original, the leader that re-defined siding and made all others obsolete.





**Custom Fit "On-Site"**

Manufactured To Any Length

"THE WORLDS LARGEST SEAMLESS SIDING COMPANY"

abc SEAMLESS

Seamless Siding
Seamless Gutters · Windows

*Go?...*



*...JUST SHORT OF A MIRACLE!*

# *Imagine*



## *Maintenance-Free*
## *and*
## *Beautiful*





# *ABC Seamless Siding*

## *The Ultimate in Appearance*

 

## *With More Style & Color*

  



**800-732-6577**

compare 002-98



*Compare*

# *ABC Seamless Siding*

*With all others...*

"THE WORLDS LARGEST SEAMLESS SIDING COMPANY"
The siding without the Quacks!

**Larkin Hoffman** ATTORNEYS

Larkin Hoffman Daly & Lindgren Ltd.

1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194

GENERAL: 952-835-3800
FAX:    952-896-3333
WEB:    www.larkinhoffman.com

January 19, 2004

Craig James                                        VIA FEDERAL EXPRESS
2610 Westwind Drive
Denton, TX 76210

Re:    Breach of Franchise Agreement / Trademark infringement / Unfair Competition

Mr. James:

This is a follow-up to our previous letter dated January 16, 2004, a copy of which is enclosed for your reference.

It has also been brought to our attention that you are exhibiting at the Southwestern Exposition and Livestock Show and Rodeo, January 17, 2004 through February 8, 2004, at the Will Rogers Center in Fort Worth, Texas (hereinafter the "Fort Worth Stock Show"). In addition to the demands identified in our letter of January 16, 2004, ABC, Inc. hereby demands that you also immediately remove any sign, poster, flyer, brochure, or any other advertisement or promotional item which bears the mark "ABC Seamless" or any other mark substantially similar thereto from the Fort Worth Stock Show.

If you fail to comply with the foregoing demands within two days from the date of this letter, ABC, Inc. will take immediate legal action against you to prevent further infringement of its trademark rights at the Fort Worth Stock Show. The objective of any such legal action will be to obtain temporary and permanent injunctive relief, together with the recovery of all your profits resulting from your infringing activities, treble damages sustained by ABC, Inc. as a result of your willful infringement, the recovery of ABC, Inc.'s attorneys fees, costs and any and any and all other available remedies.

This letter is without prejudice to any other rights or remedies ABC may have at law or in equity.

Respectfully,

Thomas J. Oppold, for
Larkin Hoffman Daly & Lindgren Ltd.

Direct Dial:    952-896-3397
Direct Fax:     952-842-1716
Email:          toppold@larkinhoffman.com

cc: ABC, Inc.
    Andrew F. Perrin, Esq.

915192.1



**EXHIBIT**

G